IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CIVIL NO.  06-00511 JMS/KSC |
| | ) |
| Plaintiff, | ) ORDER GRANTING UNITED |
| | ) STATES' MOTION FOR |
| vs. | ) SUMMARY JUDGMENT AND |
| | ) PERMANENT INJUNCTION |
| WILBERT KAIMIKAUA AND | ) |
| DEANNA KAIMIKAUA, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## ORDER GRANTING UNITED STATES' MOTION FOR SUMMARY JUDGMENT AND PERMANENT INJUNCTION

## I.  INTRODUCTION

The United States moves the court for summary judgment and a

permanent injunction against Wilbert Kaimikaua and Deanna Kaimikaua

("defendants"), claiming that defendants filed a UCC Financing Statement against

an Internal Revenue Service ("IRS") employee without justification and for the

purpose of harassment.  Based on the following, the court GRANTS the United

States' motion.

///

///

## II.  BACKGROUND

On February 18, 2005, the defendants recorded a UCC Financing Statement with the State of Hawaii Bureau of Conveyances, document number 2005-034327 ("UCC Statement").  In the UCC Statement, defendants list "Mary Susan Meredith"[1] as a debtor, claiming a total debt of $8,000,000.  Ex. A.[2]  In addition to describing the debt as arising from a copyright violation, defendants list Meredith's home address.

Meredith, in a declaration, explains that she was employed from September 2001 through November 2004 as the Automated Collections System Support Operations Manager with the IRS located in Fresno, California.  Meredith Decl. ¶ 1.  While in this capacity, Meredith's laser printed signature appeared on various notices sent to taxpayers, including defendants.  *Id.* at ¶ 2.  Meredith declares that she does not know the defendants, has never engaged in any financial transaction with the defendants, does not owe the defendants any money, and has had no contact with defendants outside her employment with the IRS.  *Id.* at ¶¶ 2-

---

[1]  Although the UCC Statement lists the debtor as "Mary Susan Meredith," Meredith's declaration is in the name of "Susan Meredith."  The court will simply refer to her as Meredith.

[2]  All references are to exhibits or declarations submitted by the United States.  Defendants did not file an opposition to the motion, but instead apparently returned notice of the filing of the summary judgement motion to the court, claiming that "[w]e do not accept unsigned documents" and "[n]o signature - unacceptable."

4.  As a result of defendants' acts, Meredith has experienced distress and anxiety and is concerned that the UCC Statement may have a negative impact on her credit record.  *Id*. at ¶ 6.

### III. <u>STANDARDS OF REVIEW</u>

**A.     Summary Judgment**

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The burden initially lies with the moving party to show that there is no genuine issue of material fact.  *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).  Nevertheless, "summary judgment is mandated if the non-moving party 'fails to make a showing sufficient to establish the existence of an element essential to that party's case.'"  *Broussard v. Univ. of Cal. at Berkeley*, 192 F.3d 1252, 1258 (9th Cir. 1999) (*quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).  An issue of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue is material if the resolution of the factual dispute affects the outcome of the claim or defense under substantive law governing the case.  *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001).  When considering the

3

evidence on a motion for summary judgment, the court must draw all reasonable inferences on behalf of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).

"One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses[.]" *Celotex*, 477 U.S. at 323-24. "There is no genuine issue of fact if the party opposing the motion 'fails to make an adequate showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (*quoting Celotex*, 477 U.S. at 322). Moreover, there is no genuine issue of material fact if, taking the record as a whole, a rational trier of fact could not find in favor of the non-moving party. *Matsushita*, 475 U.S. at 586; *Taylor*, 880 F.2d at 1045.

## B.   Permanent Injunction

A plaintiff seeking a permanent injunction must demonstrate

(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, L.L.C.*, 126 S. Ct. 1837, 1839 (2006) (citations omitted).

## IV. <u>ANALYSIS</u>

This court has authority under Internal Revenue Code § 7402(a) "to make and issue in civil actions, writs and orders of injunction . . . and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws."   This provision "empowers the district court to void common-law liens imposed by taxpayers on the property of government officials assigned to collect delinquent tax." *Ryan v. Bilby*, 764 F.2d 1325, 1327 (9th Cir. 1985).

In addition to voiding such liens, "[s]ection 7402(a) has been interpreted to confer on courts the power to enjoin persons from filing of such harassing liens in the future." *United States v. Tarantino*, 2007 WL 1521031, at *3 (E.D. Cal. May 24, 2007); *see also United States v. Tanner*, 2007 WL 1287898 (W.D. Wash. Apr. 30, 2007); *United States v. Covey*, 2007 WL 2962650 (D. Idaho Oct. 9, 2007).

Meredith's sole contact with defendants stems from her role as an IRS employee.  She has never owed a legal debt to the defendants.  Thus, the court finds, based on the evidence presented by the United States, that defendants filed

the UCC Statement without a justifiable basis in fact or law and for the purpose of intimidation and harassment. Defendants' actions were vexatious and were singularly intended to interfere with the lawful function of an IRS employee. Accordingly, the court GRANTS the United States' motion for summary judgment and deems the UCC Statement to be null, void, and of no legal effect.

In filing the UCC Statement, defendants attempt to frustrate and interfere with the lawful functions of an IRS employee. This conduct imposes irreparable harm upon Meredith and other employees and officers of the IRS. In short, defendants' actions, if left unabated, "threaten substantial interference with the administration and enforcement of the Internal Revenue laws." *See United States v. Hart*, 545 F. Supp. 470, 473 (D.N.D. 1982); *United States v. Kaun*, 633 F. Supp. 406, 418 (E.D. Wis. 1986). Defendants, on the other hand, cannot complain of any injury from an order enjoining them from the issuance of similar UCC Statements. Given the vexatious nature of the UCC Statement, defendants will suffer no injury.

Further, absent an injunction, other available remedies would be inadequate. Simply voiding the UCC Statement, without more, is unlikely to deter defendants from engaging in similar conduct. The threat of contempt of court for violation of a lawful court order, however, can have a powerful deterrence effect.

6

The only remedy to ensure that defendants cease their frivolous actions is to issue a permanent injunction.

Finally, the public interest will be served by an permanent injunction. The public has an unquestionable interest in the fair administration of our tax laws and in ensuring that IRS employees are not harassed simply for engaging in their official duties.  The United States' request for an injunction permanently enjoining defendants from filing any document or instrument which purports to create a non-consensual lien or encumbrance of any kind against any employee or officer of the IRS or other persons who authorized or performed any act in connection with the assessment or collection of defendants' tax liabilities is GRANTED. Defendants are notified that a willful violation of this Order may result in a finding of contempt, punishable by imprisonment, fine, or both.

///

///

///

///

///

///

# V.  <u>CONCLUSION</u>

For the foregoing reasons, the court GRANTS the United States' Motion for Summary Judgment and Permanent Injunction.  It is ORDERED that:

1) UCC Financing Statement (document number 2005-034327) filed with the State of Hawaii Bureau of Conveyances against "Mary Susan Meredith" is null, void, and of no legal effect;

2) This Order be filed with the State of Hawaii Bureau of Conveyances;

3) Defendants, individually and jointly, are permanently enjoined from filing, or attempting to file, any document or instrument which purports to create or reflect any non-consensual lien or encumbrance against the person or property of any employee or officer of the United States Internal Revenue Service or other persons who authorized or performed any act in connection with the assessment or collection of defendants' tax liabilities. This permanent injunction does not prevent defendants

from applying to any state or federal court of competent

jurisdiction in order to obtain relief of any non-frivolous

legal claim, and does apply to or prohibit liens lawfully

created by any judgment of a court of competent

jurisdiction; and

4) The Clerk of Court is directed to close this case file.

IT IS SO ORDERED.

DATED at Honolulu, Hawaii, November 26, 2007.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*United States v. Kaimikaua,* Civ. No. 06-00511 JMS/KSC, Order Granting United States'
Motion for Summary Judgment and Permanent Injunction